MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2017 ME 71
Docket:        Yor-16-125
Argued:        February 8, 2017
Decided:       April 18, 2017
Corrected:     April 20, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

## STATE OF MAINE

v.

## NATHAN P. TARBOX

ALEXANDER, J.

[¶1]  Nathan P. Tarbox appeals from a judgment of conviction entered by the trial court (York County, *Douglas, J.*) after a jury found him guilty of domestic violence assault (Class C), 17-A M.R.S. §§ 207-A(1)(A), 1252(4-A) (2016), and obstructing the report of a crime or injury (Class D), 17-A M.R.S. § 758(1)(A) (2016).  Tarbox contends that the trial court erred by not *sua sponte* declaring a mistrial when the prosecutor commented on Tarbox's right not to testify during the State's rebuttal closing argument.  In addition, Tarbox argues that the court erred by denying his motions for a mistrial after the jury heard prejudicial statements during the victim's testimony.  We affirm the judgment.

## I. CASE HISTORY

[¶2]  On June 2, 2014, Nathan P. Tarbox was indicted for crimes he allegedly committed against the mother of his child.  The indictment charged Tarbox with domestic violence assault (Class C), 17-A M.R.S. §§ 207-A(1)(A), 1252(4-A), domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A), and obstructing the report of a crime or injury (Class D), 17-A M.R.S. § 758(1)(A). Prior to trial, the State dismissed the Class D charge of domestic violence assault.

[¶3]  The court held a jury trial on November 23, 2015.  Evidence presented at trial showed that only Tarbox and the victim were in the room where the incident occurred.  Tarbox did not testify.  The State's evidence consisted of photographs of the victim's injuries and testimony of the victim and Tarbox's roommate, who testified that he heard Tarbox and the victim argue but did not witness the assault.  During the State's direct examination of the victim, when asked why she did not immediately go home or call the police after the assault, she testified: "Because he runs from the police." Tarbox objected and moved for a mistrial, arguing that the victim's response was highly prejudicial because it indicated that Tarbox is a "known character"

and a "criminal." The court denied the motion for a mistrial but sustained the objection and instructed the jury to disregard the statement.

[¶4] Tarbox began his cross-examination of the victim by questioning her about her child custody arrangement with Tarbox and whether there was a parental rights order in place on the date the crimes were alleged to have been committed. Tarbox further asked whether she filed a parental rights and responsibilities action in the District Court after she filed the police report. The victim testified that there was no court order defining the parties' parental rights on the date of the incident or when she filed the police report.

[¶5] During the State's redirect examination, the prosecutor asked the victim when she subsequently filed the parental rights action. In a lengthy and nonresponsive answer, the victim indicated that she filed the parental rights action after speaking with an advocate at a domestic violence program and obtaining a protection from abuse order. Tarbox objected on the basis that the testimony was unfairly prejudicial and renewed his motion for a mistrial. The court took the motion for a mistrial under advisement, and, at Tarbox's request, delayed giving the jury a curative instruction. After the close of evidence, the court denied the motion and reviewed a proposed

4

curative instruction with Tarbox, which Tarbox approved. The curative instruction was later given during the charge to the jury.

[¶6] Although Tarbox did not testify, he presented testimony from his grandmother about her interactions with the victim around the time of the alleged crimes.

[¶7] After the close of evidence, the prosecution and defense presented brief closing arguments to the jury, neither of which drew any objections. We discuss the parties' closing arguments in more detail below. The jury convicted Tarbox of both counts, and the court sentenced him to three years' incarceration with all but nine months suspended and three years' probation, plus fees required by statute. Tarbox timely appealed.

## II.  LEGAL ANALYSIS

### A.    Prosecutorial Misconduct

[¶8] Tarbox contends that the court erred by not *sua sponte* declaring a mistrial when the prosecutor improperly drew the jury's attention to Tarbox's decision not to testify.

[¶9] In the State's rebuttal to Tarbox's closing argument, the prosecutor stated:

> [Y]ou heard [the victim] testify.  That's the evidence that you heard.  [Tarbox's roommate] didn't see anything.  [A defense

witness who testified] wasn't there. [The victim] testified. She has, based on the evidence, no reason to make this up. That's not before you. You heard her testify about exactly what happened. She testified [credibly]. Not only did she testify credibly and it is sufficient, her testimony is sufficient beyond a reasonable doubt that these events took place. You have got photographs to corroborate exactly what she said. And you have got photographs and credible testimony upon which to base your decision *and nothing, nothing to contest that information*.

The burden is always on the State and I'm definitely not making the argument that the defendant had to present any evidence because he does not ever. But you're supposed to make your decision based on the evidence that was presented to you, not wild speculation about some motive to make something up, because you don't have it.

(Emphasis added.) Tarbox—who did not testify at trial—did not object to these statements made by the prosecutor.

[¶10] The Fifth Amendment to the U.S. Constitution and article I, section 6 of the Maine Constitution provide a criminal defendant with an absolute right not to testify in his own defense at trial. *State v. Roberts*, 2008 ME 112, ¶ 45, 951 A.2d 803. To protect this right, a prosecutor is prohibited from commenting on the defendant's silence. *Id.*

[¶11] Here, in the State's rebuttal, the prosecutor highlighted evidence that Tarbox and the victim were the only persons present when the crimes were alleged to have occurred. The prosecutor went on to assert that the victim's testimony was "credible." With this combination of assertions, the

6

prosecutor's argument to the jury portrayed Tarbox as the only witness who could have refuted the victim's testimony. Thus, the prosecutor's statement to the jurors that they had heard "nothing to contest" the State's case was, at the very least, an ambiguous, indirect reference to Tarbox's election not to testify, and, therefore, was improper.[1]

[¶12] We have explained that when a defendant preserves a challenge to a prosecutorial comment about his or her choice not to testify, we will analyze the content of the offending statement to determine the standard of review on appeal. *See State v. Tibbetts*, 299 A.2d 883, 889 (Me. 1973); *see also State v. Turner*, 433 A.2d 397, 400-01 (Me. 1981). Such a statement is prejudicial as a matter of law if it unambiguously and unequivocally comments on the defendant's silence at trial or suggests to the jurors "that they must accept the State's evidence as true because the defendant has not denied it as a witness." *Turner*, 433 A.2d at 400. If the prosecutor's statement is ambiguous because "the jury could construe [it] as a remark on the defendant's failure to testify," the State must demonstrate beyond a reasonable doubt that the misconduct, when "viewed in the context of the

---

[1] The State's insistence at oral argument that this statement was "absolutely proper" is as concerning as it is wrong.

entire record," did not affect the jury's guilty verdict. *State v. Lyons*, 1998 ME 225, ¶¶ 6-8, 718 A.2d 1102.

[¶13] We have held, however, that this differentiated analysis used to determine the standard of review does not apply where—as here—the error is not preserved. In *State v. Clarke*, 1999 ME 141, ¶ 23, 738 A.2d 1233, we stated that "there is no good reason for departing from the obvious error analysis when the defendant fails to object to an improper prosecutorial comment which calls attention to the defendant's failure to testify at trial. The *Tibbetts* analysis is applicable only in cases in which an objection has been made and the harmless error standard of review is appropriate." *See also Roberts*, 2008 ME 112, ¶ 46, 951 A.2d 803. "Obvious error," including as applicable in the context of the type of prosecutorial misconduct at issue here, means "error that is so highly prejudicial that it taints the proceedings and virtually deprives the defendant of a fair trial." *Clarke*, 1999 ME 141, ¶ 24, 738 A.2d 1233. In cases involving unpreserved claims of error, the defendant bears the burden of persuasion to demonstrate that the prejudicial character of the error is sufficient to warrant setting aside the verdict. *State v. Dolloff*, 2012 ME 130, ¶ 39, 58 A.3d 1032. This assignment of the burden to the defendant

8

> encourage[s] the defendant to bring objections to the trial court's attention promptly so that any prejudice can be remedied during the proceedings, or in cases where prejudice cannot be remedied, a mistrial can quickly be ordered. Once a jury has been given a case and has done its work in deliberating and deciding on guilt or innocence, serious and manifest injustice must be present before we will set such a verdict aside; we will not do so lightly.

*Id.*

[¶14] Because Tarbox did not object to the prosecutor's statement at trial, we need not determine where the State's improper statement falls on the continuum of misconduct described in *Tibbetts* and subsequent cases. Rather, we look to the record as a whole to determine whether Tarbox has demonstrated prejudice of a magnitude that virtually deprived him of a fair trial. We conclude that he has not made that showing.

[¶15] Immediately after making the brief but improper statement, the prosecutor—perhaps recognizing that he had crossed the line—told the jury that the defendant is never required to present evidence and that the burden is always on the State. In its charge to the jury, the court instructed that the attorneys' closing arguments are not evidence, the State bears the burden of proof, the defendant has no duty to call any witnesses or produce any evidence, the defendant has the right to remain silent, and no inference of any

kind may be drawn from his choice not to testify.[2] We have held that instructions such as these are effective in "remov[ing] any taint caused by the prosecutor's comment and insur[ing] that the jurors would not consider [the defendant's] failure to take the stand." *Clarke*, 1999 ME 141, ¶ 27, 738 A.2d 1233. We also take into consideration the substantial affirmative evidence of Tarbox's guilt presented at trial. *See id.* ¶ 28.[3]

[¶16] Given these circumstances, we conclude that Tarbox has failed to demonstrate that the State's misconduct was so highly prejudicial that it tainted the proceedings and virtually deprived him of a fair trial.

---

[2] When the defendant exercises the right to remain silent and does not testify at trial, the court must specifically instruct the jury that the defendant has a right not to testify, and that no inference may be drawn from the defendant's election not to testify. *See State v. White*, 285 A.2d 832, 836 (Me. 1972). Only if the defendant specifically requests that the instruction *not* be given will the court *not* give such a cautionary instruction. *See* M.R. Evid. 512(c); *State v. Libby*, 410 A.2d 562, 564 (Me. 1980); s*ee also Maine Jury Instruction Manual* § 6-8 at 6-15 (2016 ed.).

[3] Although the context of or reasons for the prosecutorial misconduct sometimes has a mitigating effect, *see, e.g.*, *State v. Dolloff*, 2012 ME 130, ¶ 71, 58 A.3d 1032; *State v. Clarke*, 1999 ME 141, ¶ 26, 738 A.2d 1233, that factor does not aid the State here. Tarbox's own closing argument contained improper statements because he suggested to the jurors that they put themselves in the shoes of a defendant falsely accused of a crime. *See Seabury-Peterson v. Jhamb*, 2011 ME 35, ¶ 15, 15 A.3d 746 (providing that jurors should not be invited to put themselves in the position of a party or an important witness because doing so "encourage[s] the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence" (quoting *Forrestal v. Magendantz*, 848 F.2d 303, 309 (1st Cir. 1988)) (alteration omitted)). "The use of such arguments, commonly called Golden Rule arguments, is 'universally condemned' because it threatens the essence of a fair trial." *Id.*

The nature of Tarbox's transgression, however, was entirely different than the State's improper reference to Tarbox's decision not to testify. Thus, Tarbox did not "invite" the State to make a wrongful statement on rebuttal. If the State disagreed with Tarbox's improper appeal to the jury, the State could have objected and sought judicial intervention and relief, rather than commit error of its own implicating Tarbox's constitutional interests.

B.    Prejudicial Testimony

[¶17]  Tarbox argues that the court abused its discretion when it denied his motions for a mistrial after the jury heard statements by the victim regarding his prior interactions with police and the victim's consultation with a domestic violence program and acquisition of a protection order.

[¶18]  We review the denial of a motion for a mistrial for abuse of discretion and will overrule the denial only when there is prosecutorial bad faith or there are exceptionally prejudicial circumstances.  *State v. Frisbee*, 2016 ME 83, ¶ 12, 140 A.3d 1230.  "The trial court's determination of whether exposure to potentially prejudicial extraneous evidence would incurably taint the jury verdict or whether a curative instruction would adequately protect against consideration of the matter stands unless clearly erroneous."  *State v. Logan*, 2014 ME 92, ¶ 14, 97 A.3d 121 (alteration omitted).  We presume that juries follow jury instructions, including curative instructions.  *Dolloff*, 2012 ME 130, ¶ 55, 58 A.3d 1032.

[¶19]  Although the jury could have drawn an inference that Tarbox has criminal tendencies based on the victim's statement that "he runs from the police," there are no *exceptionally* prejudicial circumstances here.  The comment was an isolated reference to Tarbox's prior police contact; it only

generally related to criminality and not specifically to domestic violence; the State's evidence included testimony from two witnesses and photographs of the victim's injuries; and the court struck the testimony and issued a curative instruction, approved by Tarbox, which we presume the jury followed. *See Dolloff*, 2012 ME 130, ¶ 72, 58 A.3d 1032 (presuming that a jury follows jury instructions, including curative instructions, absent exceptionally prejudicial circumstances or prosecutorial bad faith).

[¶20] Similarly, Tarbox's contention that the victim's testimony that she obtained a protection order "implied that another judge had evaluated her testimony and found it credible" is an inference too far attenuated to constitute exceptionally prejudicial circumstances. The statement was generated by a question from the State that was responding to Tarbox's questioning the victim regarding her seeking a parental rights order. The statement to which Tarbox objected was mentioned at the end of a lengthy and nonresponsive answer, and the court instructed the jury to disregard the testimony.

[¶21] Because there are neither exceptionally prejudicial circumstances nor evidence of prosecutorial bad faith,[4] we conclude that the trial court's

---

[4] On numerous occasions, we have affirmed a trial court's denial of a motion for a mistrial after the jury was exposed to potentially prejudicial testimony. *See, e.g., State v. Retamozzo*, 2016 ME 42,

curative instructions were adequate to guard against improper consideration of the testimony by the jury and that the trial court did not abuse its discretion in denying the motions for a mistrial.

The entry is:

Judgment affirmed.

Jack Hunt, Esq. (orally), Kennebunk, for appellant Nathan P. Tarbox

Kathryn Loftus Slattery, District Attorney, Anne Marie Pazar, Asst. Dist. Atty., and Thomas R. Miscio, Asst. Dist. Atty. (orally), Prosecutorial District 1, Alfred, for appellee State of Maine

York County Superior Court docket number CR-2014-705
FOR CLERK REFERENCE ONLY

¶ 8, 135 A.3d 98 (incarceration status); *State v. Nelson*, 2010 ME 40, ¶¶ 5, 7, 994 A.2d 808 (result of civil case); *State v. Bridges*, 2004 ME 102, ¶ 12, 854 A.2d 855 (prior trial); *State v. Lockhart*, 2003 ME 108, ¶¶ 38-39, 830 A.2d 433 (characterization of alleged abuse); *State v. Cochran*, 2000 ME 78, ¶¶25-29, 749 A.2d 1274 (parole status); *State v. Harnish*, 560 A.2d 5, 8 (Me. 1989) (polygraph).